## UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

No. 98-21153
Summary Calendar

MARIA SERRANO,

Plaintiff-Appellant,

versus

ST JOSEPH'S HOSPITAL,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3337)

August 5, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Maria Serrano ("Serrano"), appeals the district court's grant of summary judgment in favor of Defendant-Appellee, St. Joseph's Hospital ("St. Joseph's"). Serrano alleges that St. Joseph's violated her rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") when it fired her for allegedly abusing its leave of absence policy.

We review the district court's grant of summary judgment *de novo*. *See Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 328 (5th Cir. 1998). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Serrano contends that the district court erred in granting summary judgment because she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised a genuine issue of material fact as to whether she lied when she applied for and obtained her leave of absence. Serrano also contends that, because St. Joseph's agreed to her leave of absence, the district court erred in not finding St. Joseph's estopped from firing her.

When St. Joseph's granted Serrano leave it required her, pursuant to the FMLA, to provide a medical certification that she had a "serious health condition." *See* 29 U.S.C. § 2612(a)(1)(D). Serrano, however, has never demonstrated that she had "serious health condition" entitling her to leave for the full period of her absence from work. The record shows that Serrano spent part of her leave visiting her daughter in Chicago. Serrano has not shown that she took this part of her leave because of a "serious health condition," or that she was otherwise entitled to this part of her leave under the FMLA. *See* 29 U.S.C. § 2612(a)(1); s*ee also Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 696 (5th Cir. 1997) (finding no violation of the FMLA, where employer fired employee for missing eight days of work, and where employee could not show that she suffered from a "serious health condition"). Moreover, Serrano has not shown a causal connection between the leave to which she was entitled to under the FMLA and her subsequent discharge. Accordingly, the district court properly concluded that Serrano failed to establish a *prima facie* case that St. Joseph's fired her in retaliation for exercising her rights under the FMLA. *See Chaffin v. John H. Carter Co., Inc.*, No. 98-30155, 1999 WL 414269, at *2 (5th Cir. June 22, 1999) (noting that to establish a *prima facie* case the plaintiff must establish a causal connection between the protected activity and the discharge).

Additionally, Serrano has not shown that an agreement existed between herself and St. Joseph's permitting her to take leave to visit her daughter. Her estoppel claim, therefore, also fails. *See Southland Life Ins. Co. v. Vela*, 147 Tex. 478, 485, 217 S.W.2d 660, 663 (1949) ("An estoppel is defensive in character. It does not create a cause of action. Its function is to preserve rights, and not to bring into being a cause of action."); *Roberts v. California-Western States Life Ins. Co.*, 470 S.W.2d 719, 726 (Tex. Civ. App.—Amarillo 1971) ("[E]stoppel serves to prevent a party's conduct and actions from operating as a denial of the right of enforcement of a contractual obligation *already created*.") (emphasis added).

Accordingly, we AFFIRM the district court's summary judgment.